UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES V. MONACELLI,
      Plaintiff,

v.                          CA 11-337 S

DIRECTOR A.T. WALL, CAPT. CLANCY,
LT. PAQUETTE, C/O PETERS, RHODE
ISLAND DEPARTMENT OF CORRECTIONS,
      Defendants.

**REPORT AND RECOMMENDATION**

**FOR DISMISSAL *IN TOTO*[1]**

## I. Background

On April 2, 2012, this Magistrate Judge issued a Report and Recommendation (Docket ("Dkt.") #12) ("R&R") recommending that Defendants' Motion to Dismiss (Dkt. #6) be granted "as to all Defendants and all claims except as to the claim against Lt. Paquette in his individual capacity based on his allegedly informing the inmates on Plaintiff's cellblock that Plaintiff was an informant." R&R at 30. However, because the allegations in the Complaint (Dkt. #1) did "not provide Lt. Paquette with fair notice of the claim, I recommend[ed] that Plaintiff be ordered to file an amended complaint which states when Lt. Paquette allegedly imparted the information to other inmates that Plaintiff was an informant and when and how Lt. Paquette 'reinforced this notion on three

---

[1] "*In toto*" means completely. Black's Law Dictionary, 898 (9th Ed. 2009).

separate occasions.'" Id. at 30-31.

On May 22, 2012, Plaintiff filed a motion for leave in which he requested leave "to incorporate, and include, events occurring during his return to the Rhode Island Dept. of Corrections, as recently as February 24th of this year." Motion for Leave (Dkt. #17) ("Motion for Leave"). In a June 21, 2012, order, the Court granted the Motion for Leave:

> <u>only</u> to the extent that Plaintiff may incorporate in an amended complaint "events occurring during his return to the Rhode Island Dept. of Corrections, as recently as February 24th of this year," [Motion for Leave], with respect to his claim against Lt. Paquette.

Order Granting in Part Plaintiff's Motion for Leave (Dkt. #19) at 1-2.

## II. Discussion

Plaintiff has submitted a Second Amended Complaint (Dkt. #25) which appears to include many of the claims which this Magistrate Judge recommended be dismissed. Even more problematic, the Second Amended Complaint still fails to provide Lt. Paquette "with fair notice of the claim against him," R&R at 24, because it does not state "when Lt. Paquette allegedly informed the cellblock on which Plaintiff was residing that he was an informant ...," R&R at 25. This was an omission which this Magistrate Judge specifically identified in the R&R:

> The Complaint "must at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Ruiz-Rosa v. Rullán</u>, 485 F.3d 150, 154 (1st Cir. 2007) (internal quotation marks omitted). Here, the "when" is

2

extremely difficult to discern from the Complaint.
Plaintiff provides no date or approximate date for when
Lt. Paquette allegedly informed Plaintiff's cellblock
that Plaintiff was an informant. It is not even possible
to identify with any degree of certainty the year in
which the alleged act occurred. The most that can be
reasonably deduced from the present Complaint is that the
alleged statement by Lt. Paquette was made sometime
between Plaintiff's return to prison on December 9,
2008,[2] and his release from prison presumably in 2010 or
2011.[3] While Plaintiff may not be able to state a
precise date that the statement was made by Lt. Paquette,
**Plaintiff certainly should have the ability to greatly
narrow the approximate time period during which Lt.
Paquette allegedly made the statement.**

R&R at 23-24 (bold added).

Despite this guidance, Plaintiff's Second Amended Complaint fails to provide a date or approximate date on which Lt. Paquette allegedly made the statements about which Plaintiff complains. Plaintiff states only that:

> Shortly after sharing a cell with [Mark] Smith, and

---

[2] In a footnote appearing at this point in the Report and Recommendation (Docket ("Dkt.") #12) ("R&R"), the Court stated:

> Even this date requires an assumption that the year was 2008 because the Complaint only states that Plaintiff "returned to prison on December 9th and eventually was sentenced to serve 2 years on a violation." Complaint at 4. The Court assumes that the year was 2008 because the previous date stated in the Complaint is "June 10th, 2008." Id. at 3.

R&R at 24.

[3] In a footnote appearing at this point in the R&R, the Court stated:

> The assumption that Plaintiff was released in either 2010 or 2011 is based on his statement that he "was sentenced to serve 2 years on a violation." [Complaint] at 4.

R&R at 24.

3

> being infected with scabies, the Plaintiff was involved
> in a confrontation with an inmate. This was a direct
> result of Lt. Paquette's reckless and unprofessional
> actions. The Lieutenant incorrectly informed inmates in
> B-Module that the Plaintiff is an informant. He
> reinforced this on three different occasions. Fi[r]st,
> he directly informed a B-Module inmate of this erroneous
> statement while meeting with the inmate in his office.
> Second[,] he told the block officer (Officer Preziosi)
> that Plaintiff is an informant. The officer relayed this
> to many inmates in the module. The third time, Lt.
> Paquette loudly yelled to me outside of Intake Service
> Center's dining halls, inquiring whether his "help" with
> a personal problem was successful. While not directly
> calling the Plaintiff an informant, many inmates who
> heard this, later told the Plaintiff, he is an informant.

Second Amended Complaint at 2.

There is nothing in the above (or in the rest of the Second Amended Complaint) which indicates when Lt. Paquette allegedly made the statements about which Plaintiff complains. Plaintiff has not "narrow[ed]," R&R at 24, in any respect "the approximate time period during which Lt. Paquette allegedly made the statement," id. Although Plaintiff references a confrontation with another inmate which allegedly was the direct result of Lt. Paquette's actions, see Second Amended Complaint at 2, this is of little assistance in determining when Lt. Paquette made the statements.[4]

Moreover, Plaintiff's failure to provide even an approximate

---

[4] While the reference to "sharing a cell with [Mark] Smith, and being infected with scabies ...," Second Amended Complaint at 2, provides some reference point as to when the confrontation with the inmate occurred, it is of no assistance with respect to determining when Lt. Paquette allegedly made the statements — other than that it would have had to predate the confrontation. However, it is impossible to determine from the Second Amended Complaint whether the alleged statements by Lt. Paquette predated the confrontation by a week, a month, a year, or even two years.

4

date for any of the three occasions on which Lt. Paquette allegedly reinforced the notion that Plaintiff was an informant is particularly striking. Although Plaintiff appears to indicate that he has direct knowledge of these occasions — either by personally hearing the statement or by being told about it from Officer Preziosi or another inmate — Plaintiff provides no information about when the statements were allegedly made.

Plaintiff is proceeding *pro se* and his pleadings are to be read "with an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). However, he is not exempt from procedural rules. Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). "To satisfy Federal Rule of Civil Procedure 8(a),[5] a plaintiff must allege claims in a way that gives the defendants fair notice of what the claims are and the grounds for the claims. The complaint must at least set

---

[5] Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

5

forth minimal facts as to who did what to whom, **when**, where, and why." Ruiz-Rosa v. Rullán, 485 F.3d at 154 (bold added)(citations and internal quotation marks omitted). Plaintiff's original Complaint failed to do so. See R&R at 30. In deference to his *pro se* status, this Magistrate Judge recommended that Plaintiff be ordered to file an amended complaint correcting this deficiency. R&R at 30-31. Despite a clear explanation of why the original Complaint failed to provide Lt. Paquette with adequate notice, see R&R at 23-24, Plaintiff's Second Amended Complaint fails to narrow in any appreciable respect the time period in which Lt. Paquette allegedly made the statements. Given Plaintiff's inability to provide the required information after an explicit instruction to do so, the Court sees no basis to prolong this action further. Accordingly, I recommend that it be dismissed *in toto*.

**III. Conclusion**

For the reasons stated in this Report and Recommendation and the R&R of April 2, 2012 (Dkt. #12), I recommend that Defendants' Motion to Dismiss (Dkt. #6) be granted as to all claims, including "the claim against Lt. Paquette in his individual capacity based on his allegedly informing the inmates on Plaintiff's cellblock that Plaintiff was an informant," R&R at 30. To the extent that Plaintiff may have claims against any defendant based on "events occurring during his return to the Rhode Island Dept. of Corrections, as recently as February 24th of [2012]," Motion for

6

Leave, I recommend that Plaintiff be required to commence a new action.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
August 21, 2012